IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD REYNOLDS, JR., | No. CIV S-11-0326-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| G. STARCEVICH, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names three medical providers as defendants to this action:  Dr. Starcevich, Dr. Roche, and Physician Assistant (PA) Reichert.  He alleges his Eighth Amendment rights have been violated by the intentional denial and delay in obtaining proper medical treatment for his injured knee, which resulted in additional injuries to his arm and shoulder.  Specifically, plaintiff contends that Dr. Starcevich denied him an MRI with contrast of his knee, and failed to order physical therapy.  His injured knee then "gave out" as he tried to stand up, he fell and injured his right arm and shoulder.  PA Reichert and Dr. Roche then failed to consult a neurologist resulting in substantial harm to his arm and shoulder.  He claims PA Reichert denied him proper treatment, and failed to consult a proper physician, resulting in the paralysis of his arm.  Plaintiff alleges he was then seen by Dr. Roche, who is not a neurologist.  However, the treatment prescribed by Dr. Roche was similarly ineffective, and he was again denied and delayed in being evaluated by a neurologist.  Plaintiff then saw a physical therapist, who recommended plaintiff be referred to a neurologist.

Finally, plaintiff was seen at the Renown Regional Medical Center in Reno, Nevada.  He was evaluated by a neurologist and an MRI was ordered.  However, he claims he had to suffer for weeks prior to receiving the proper treatment, resulting in additional pain and the need for more extensive medical care.

/ / /

## II.  DISCUSSION

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff does a reasonable job in setting forth his claim in the body of his complaint.  However, he then refers to nearly 140 pages of attached documents which purportedly support the factual allegations against the defendants.  This pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, plaintiff's complaint would require the court to comb through 170 pages of documents in order assess his claims.[1]  The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

Plaintiff's complaint will be dismissed as violating Rule 8(a).  As set forth above, a complaint is sufficient if it gives the defendants fair notice of the claim and the grounds upon which it rests.  Documentary support is unnecessary at the pleading stage.  Plaintiff will be provided an opportunity to submit documentary evidence if and when his complaint is challenged either in a motion to dismiss or a motion for summary judgment.  Thus, if plaintiff decides to file an amended complaint, he is cautioned against including in his complaint the unnecessary medical records he has attached to his original complaint.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

---

[1] In addition, if the court finds the complaint sufficiently states a claim against the defendants, plaintiff will be required to obtain copies of his complaint in order to serve the defendants.  Plaintiff is likely to have significant difficulties in obtaining proper copies of a complaint consisting of 170 pages.

amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: April 5, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE