IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD REYNOLDS, JR., | No. CIV S-11-0326-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| G. STARCEVICH, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 18). Plaintiff filed an opposition to the motion, and defendants filed a reply.[1]

### I. BACKGROUND

This action proceeds on plaintiff's amended complaint (Doc. 13), against defendants Reichert, Roche, and Starcevich. Plaintiff alleges the defendants were deliberately indifferent to his serious medical needs. In his amended complaint plaintiff alleges that his

---

[1] Plaintiff also filed a motion for judgment (Doc. 28) as well as several supporting pleadings both in opposition to the motion to dismiss and in support of his motion for judgment. However, the court must first consider the motion to dismiss prior to any motion for judgment. In addition, the motion for judgment is filed prematurely as no answer has yet been filed.

1

Eighth Amendment rights have been violated by the intentional denial and delay in obtaining proper medical treatment for his injured knee, which resulted in additional injuries to his arm and shoulder.  Specifically, plaintiff contends that Dr. Starcevich denied him an MRI with contrast of his knee, and failed to order physical therapy.  His injured knee then "gave out" as he tried to stand up, he fell and injured his right arm and shoulder.  PA Reichert and Dr. Roche then failed to consult a neurologist resulting in substantial harm to his arm and shoulder.  He claims PA Reichert denied him proper treatment, and failed to consult a proper physician, resulting in the paralysis of his arm.  Plaintiff alleges he was then seen by Dr. Roche, who is not a neurologist.  However, the treatment prescribed by Dr. Roche was similarly ineffective, and he was again denied and delayed in being evaluated by a neurologist.  Plaintiff then saw a physical therapist, who recommended plaintiff be referred to a neurologist.  Finally, plaintiff was seen at the Renown Regional Medical Center in Reno, Nevada.  He was evaluated by a neurologist and an MRI was ordered.  However, he claims he had to suffer for weeks prior to receiving the proper treatment, resulting in additional pain and the need for more extensive medical care.

## II.   MOTION TO DISMISS

Defendants filed the pending motion to dismiss on the basis that plaintiff failed to exhaust his administrative remedies prior to filing this action.  They argue that plaintiff's third level inmate appeal was properly screened out, and plaintiff did not cure the defects therein and resubmit it.  Plaintiff opposes the motion on the basis that the third level appeal was improperly screened out, and on the alleged strength of the merits of his claim.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely

analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance

3

which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

   A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations.[2] In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id. Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures. See Cal. Code Regs. tit. 15, §§ 3084.6(b). If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein. See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a). Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group. See Cal. Code Regs. tit 15, § 3084.2(h). Currently, California regulations do not contain any provision specifying who must be named in the grievance.

   Here, defendants argue plaintiff failed to exhaust his administrative remedies as his third level appeal was rejected and he failed to cure the defect and resubmit it for final consideration. Defendants contend that the third level appeal was properly rejected as plaintiff

---

[2] These regulations were recently updated, but the substantive changes thereto do not impact the issues in this case. The citations herein are to the new section numbers.

1  attempted to alter the appeal from his original issue.  Plaintiff counters that the appeal was
2  improperly rejected because he did not alter what his complaint was about, he just provided
3  additional support thereto.  In addition, plaintiff argues that the merits of his case are strong
4  enough that the court is required to look beyond the exhaustion issue and grant a judgment in his
5  favor.

6　　　　　There is no question here that plaintiff did not receive a final decision at the third
7  level of review.  The parties agree that plaintiff submitted a third level appeal, but that appeal
8  was rejected and plaintiff did not refile at the third level.  The issues, therefore, are whether the
9  grant and/or partial grant at the lower levels was sufficient to exhaust plaintiff's administrative
10  remedies, and whether the third level appeal was properly screened out.

11　　　　　The court recognizes that the Ninth Circuit has determined that there are times
12  when an inmate receives a favorable ruling during his administrative appeals process that he is
13  not required to complete the appeals process to the third and final level.  See Harvey v. Jordan,
14  605 F.3d 681 (9th Cir. 2010).  In Harvey, the Court stated "[a]n inmate has no obligation to
15  appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his
16  administrative remedies."  Id. at 685.  In Harvey, the plaintiff (challenging due process relating to
17  a prison disciplinary hearing) had requested a hearing with specific video tape evidence, or that
18  his disciplinary be dropped and his status restored.  The prison officials granted his first request,
19  that he be given a hearing and access to the videotape.  See id.  This was the exact relief the
20  plaintiff had requested, and the plaintiff therefore did not appeal.  The issue, however, was that
21  he did not receive the relief granted - the hearing with videotape - for over five months.  The
22  Ninth Circuit determined that where a prisoner has been granted the relief requested, which was
23  to his satisfaction, it is not his responsibility to ensure the prison officials actually provide that
24  relief, even where the prisoner has set forth an alternative form of relief.  See id.

25　　　　　In this case, plaintiff complained in his original 602 inmate grievance appeal
26  about the amount of time that had passed since his physical therapist began requesting an MRI

with contrast (three months) and that the orthopedic at Renown Medical had since ordered the same test.  He requested an MRI for his left knee and, as for his right arm, "[i]f no medical doctor or physician assistant has the right medical credentials; please don't let them try to diagnose a medical condition they are not qualified for."  (Doc. 28 at 43).  Plaintiff's 602 was partially granted at the first level, in that plaintiff had been seen by Dr. Starcevich, who ordered an MRI of his left knee.  It was stated that the MRI would be conducted within 30 days.  In addition, plaintiff's physical therapy was to continue, he was to be scheduled for a follow-up with his primary care physician within 60 days, and was to be scheduled for a second opinion regarding the shrinkage of his arm and nerve damage to his shoulder and arm.  However, to the extent plaintiff's appeal was a staff complaint against PA Reichert, it was rejected resulting in the partial grant.  (Doc. 28 at 47-48).

        Plaintiff, dissatisfied with the first level response, appealed to the second level, stating:

> I stated on March 25, 2010 a EMG was performed by Darin White, Neurophysiologist and confirm I still have moderate to severe nerve damage. (See Neurophysiologist medical records) on January 21, 2010 (PA) Jeremy Reichert discharge disposition "Improved" Totally wrong!  Two (2) weeks later look at Renown Medical records) (8) months later I'm still getting treatment for my medical condition.  I'm going to the second level review because every medical issue that was brought up doesn't support the medical facts.  The medical facts are I was diagnose [sic] with significant paralysis, severe nerve damage, a tear of superior glenoid labram, of the right arm and right shoulder.  That is the diagnosis from Renown Medical Center two (2) weeks after (PA) Jeremy Reichert medically stated my medical condition had "Improve."

(Doc. 28 at 44, 49).  In response, plaintiff's appeal was considered "granted" at the second level, in that his:

> requests to be placed on the MRI list and to have [his] right arm evaluated by a Primary Care Physician (PCP) with the right credentials, have both been granted.  [Plaintiff] received a MRI with consultation on August 13, 2010, and your PCP has made a request for repair of your left knee by an Orthopedist.  Since your

6

> appeal request on July 2, 2010, you have been seen by two different Medical Providers, licensed by the state of California, to treat your medical conditions within their scope of practice.  You have received Physical Therapy (PT) ten (10) times since July 2, 2010, by a licensed PT.  You received an MRI, a consult by an Orthopedist and continued evaluations by the PCP.

(Doc. 28 at 50-51).

Plaintiff was still dissatisfied with the prison's response.  In his appeal to the third level, plaintiff stated in part:

> I am dissatisfied for two (2) reasons.  First, it took eight (8) month's before this medical administration became really active concerning my left knee; even though the physical therapist provided information that was ignored for months.  (See PT medical records for February 22, 2010).  Second, my MRI request was clearly stated for my left knee not my right arm.  Also I have not seen a specialist about my right arm since March 25, 2010. I have been doing physical therapy for my right arm and right shoulder since February 3, 2010. . . .
> My chief complaint has and always will be physician assistant certified or medical doctor's over stepping their medical boundaries with their credentials when it comes to inmates health care.  The collateral damages of my injuries on January 20, 2010 would have had a much greater chance of recovery if a neurologist would have been brought in immediately.

(Doc. 28 at 44, 52).  In addition, plaintiff continued to address his claim that PA Reichert was not certified to diagnose his nerve damage and tear of his superior glenoid labram. (Doc. 28 at 52).

In addition, and at issue in the rejection of plaintiff's third level appeal, he added the following: "I am requesting a medical policy change; a new standard to be implemented and strictly enforced by the Medical Board of California.  When a staff member doesn't have the right certified medical credentials to evaluate a specific medical injury, that staff member should notify their superiors immediately and don't try to diagnose or treat that injury.  If anyone cross [sic] that line a serious penalty for their actions should take place immediately."  (Doc. 28 at 53). This section was determined to be beyond the scope of plaintiff's original complaint and requested remedy.  It was therefore screened out, and plaintiff was notified that if he wished to proceed, he would be required to remove that section and resubmit his 602. (Doc. 28 at 42).

Plaintiff decided not do to so, and brought this action instead.

   Plaintiff argues his third level appeal was improperly screened out. As stated above, Title 15 provides situations where an inmate's administrative appeal can be properly screened out for a number reasons. One allowable reason for rejecting an appeal is where "[t]he appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented." Cal. Code Regs. tit 15, § 3084.6(b)(16).[3] Plaintiff's third level appeal was rejected because he added an additional remedy, a policy change, which was not indicated in the lower level appeals, and the issue of changing policy was therefore not addressed at the lower levels.

   The Ninth Circuit recently held that "improper screening" of an inmate's grievance can render his administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). An inmate appeal is improperly screened out where the reasons provided for screening the appeal are "inconsistent with or unsupported by applicable regulations." Id. at 824. An inmate is required to adhere to all procedural rules. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). Here, the determination that plaintiff's third level appeal added an additional issue, changing a policy, is supported by applicable regulations. The prison officials cited to the specific regulation which prohibits the addition of new issues at the higher levels of review. The undersigned finds no error in the prison administration rejecting the third level appeal for adding the additional issue of a request for policy change. While plaintiff continuously complained about uncertified medical providers, nowhere in his lower level appeals did he request a policy change. Plaintiff was provided an opportunity to eliminate the offending statement and resubmit his appeal for review at the third level. He failed to do so. Thus, his grievance was properly screened out, and he failed to exhaust his administrative remedies.

---

[3] This section was previously included in Title 15 at § 3084.3, as cited in the third level rejection opinion. (Doc. 28 at 42).

Whether plaintiff's administrative remedies could be considered exhausted due to his grant and/or partial grant at the first or second level, pursuant to Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010), depends on whether plaintiff had additional remedies available to him and/or whether he received satisfactory relief of his complaint. Clearly plaintiff had additional remedies available to him. This is evidenced in the second level appeal where plaintiff was informed that he could filed a third level appeal, and in the third level rejection wherein he was informed of his error and the necessary corrective measures he could have taken in order to continue with his administrative remedies. Plaintiff could have eliminated the additional request for a policy change and resubmitted his third level appeal for a final decision. He chose not to avail himself of that remedy. Plaintiff's argument that his request was simply additional support for his claims previously articulated is not persuasive. If plaintiff's request for a policy change was just additional supporting argument, then there was no reason for him not to eliminate the request as directed and resubmit his third level appeal. His decision not to do so renders his complaint unexhausted.

In addition, it is clear that he was not satisfied with the grant and/or partial grant he received at the lower level appeals. This is apparent from his argument in his third level appeal, wherein he continues to complain about his arm. Thus, it would appear that he was not satisfied with the relief he had been granted, and there were additional remedies available to him. The issue addressed in Harvey was where a prisoner is granted relief that satisfied him so there was no reason to file additional appeals, but the prison officials fail to follow through with what has been promised. See Harvey, 605 F.3d at 685; see also Chatman v. Felker, 2011 WL 445685 (E.D. Cal. 2011). The Ninth Circuit stated that "it is [not] the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised." Id. (citing Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004). That is not the situation in this case. Instead, plaintiff was granted relief which was not satisfactory to him. Thus, the possibility of a never-ending cycle of exhaustion situation the Ninth Circuit is concerned about in Harvey, is not

present in this case.

The undersigned therefore finds plaintiff failed to exhaust his administrative remedies when he failed to correct his third level appeal and resubmit it for further review. By not so doing, he failed to follow all of the procedural rules and he eliminated the prison's opportunity to fully examine the situation and evaluate a possible remedy for plaintiff's situation.

### III.    CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismissed (Doc 26) be granted, all other pending motion be denied as moot, and this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE